# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOHN VILLARINO II, | CASE NO. CV F 12-1225 LJO BAM |
| Plaintiff, | **ORDER TO DISMISS** |
| vs. | (Doc. 4.) |
| COMMISSIONER: SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## INTRODUCTION

Pro se plaintiff Robert John Villarino ("Mr. Villarino") receives Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1382c, and has brought this action and another dismissed action to complain of "withholding of welfare monies." Defendant United States of America ("Government") seeks to dismiss this action as barred by res judicata and failure to invoke this Court's jurisdiction. This Court sua sponte DISMISSES this action and VACATES the September 6, 2012 hearing on the Government's motion to dismiss.

## BACKGROUND

### Dismissed Action

On February 3, 2012 in Fresno County Superior Court, Mr. Villarino filed his pro se action against the Commissioner of Social Security ("Commissioner") using a California Judicial Council form

complaint to allege "withholding of welfare monies (SSI Disability)." The Government removed the action to this Court as Case No. CV F 12-0425 LJO BAM ("Case No. 12-0425"). This Court issued its April 18, 2012 order to dismiss with prejudice Case No. 12-0425 for lack of subject matter jurisdiction and failure to state a cognizable claim given Mr. Villarino's failure to exhaust administrative remedies.

### Current Action

On December 2, 2011 in Fresno County Superior Court, Mr. Villarino had filed this action against the Commissioner and proceeded on a California Judicial Council form complaint ("complaint") to allege "withholding of welfare monies." Mr. Villarino recently accomplished service of process for this action, which the Government removed to this Court. This Court surmises that Mr. Villarino brought Case No. 12-0425 and this action to address problems in his receipt of SSI benefits.

### DISCUSSION

### Sua Sponte Dismissal

The Government seeks to dismiss this action based on res judicata and lack of subject matter jurisdiction and a viable claim.

"A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6). . . . Such dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see Wong v. Bell*, 642 F.2d 359, 361-362 (9th Cir. 1981). Sua sponte dismissal may be made before process is served on defendants. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (dismissals under 28 U.S.C. § 1915(d) are often made sua sponte); *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (court may dismiss frivolous in forma pauperis action sua sponte prior to service of process on defendants).

"When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of*

*Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

In addressing dismissal, a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit Court of Appeals summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

Moreover, "a complaint may be dismissed under Rule 12(b)(6) when its own allegations indicate the existence of an affirmative defense." *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). "Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2nd Cir.1994).

As discussed below, the complaint is subject to dismissal based on res judicata and lack of subject matter jurisdiction and a viable claim.

### **Res Judicata**

The Government contends that dismissal with prejudice of Case No. 12-0425 warrants dismissal of this action under res judicata.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980). "Res judicata, or claim preclusion, prohibits lawsuits on 'any

4

claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis in original)).

Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645 (1979). Res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen*, 449 U.S. at 94, 101 S.Ct. 411.

The U.S. Supreme Court has further explained the "general rule of res judicata":

> The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' . . . The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*C.I.R. v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715 (1948) (citation omitted).

"[F]or res judicata to apply there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between parties." *Western Radio Services Co., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997) (citing *Blonder-Tongue Lab. v. University of Ill. Found.*, 402 U.S. 313, 323-24, 91 S.Ct. 1434, 1439-40 (1971)).

An action is barred by res judicata when it arises out of the "same transactional nucleus of fact" as a prior action. *See International Union of Operating Engineers-Employers Const. Industry Pension, Welfare, etc. v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993); *Sidney v. Zah*, 718 F.2d 1453, 1459 (9th Cir.1983) (citing with approval transactional approach of Restatement (Second) of Judgments § 24 and noting that whether the claim "arise[s] out of the same transactional nucleus of facts [is] the criteria most stressed in our decisions"). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional

nucleus of facts.'" *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir.1982)).

The record reveals the common gist of this action and Case No. 12-0425 is that Mr. Villarino did not receive SSI payments because of mail delivery problems.  For res judicata purposes, the parties, issues and claims of this action and Case No. 12-0425 are identical to warrant dismissal of this action.

**Failure To Satisfy F.R.Civ.P. 8**

The complaint is subject to global attack for failure to satisfy F.R.Civ.P. 8, which requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000).

F.R.Civ.P. 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "of the claim showing that the pleader is entitled to relief."  F.R.Civ.P. 8(d)(1) requires each allegation to be "simple, concise, and direct."  This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180.  "Prolix, confusing complaints . . . impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

Moreover, a pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Jones*, 733 F.2d at 649.  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).  The U.S. Supreme Court has explained:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Twombly*, 550 U.S. at 556, n. 3, 127 S.Ct. 1955.

The complaint in this action fails to satisfy F.R.Civ.P. 8. The complaint makes references to "professional negligence," "withholding of welfare monies," and several federal statutes. The complaint offers only naked assertions lacking necessary factual enhancement. The complaint lacks cognizable facts of the Commissioner's purported wrongdoing to provide fair notice as to what the Government is to defend. The complaint lacks cognizable claims or legal theories upon which to support liability. The complaint lacks specific, clearly defined allegations to give fair notice of claims plainly and succinctly to warrant dismissal of this action. *See North Star Intern. v. Arizona Corp. Com'n*, 720 F.2d 578, 583 (9th Cir. 1983) ("Because the complaint is vague, conclusory, and general and does not set forth any material facts in support of the allegations, these claims were properly dismissed.")

### **Lack Of Subject Matter Jurisdiction**

The record indicates that Mr. Villarino failed to exhaust necessary administrative remedies to invoke this Court's jurisdiction.

#### *F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards*

F.R.Civ.P. 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). A "court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

When addressing an attack on the existence of subject matter jurisdiction, a court "is not restricted to the face of the pleadings." *McCarthy v. U.S.*, 850 F.2d 558, 560 (9th Cir. 1988). In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983); *Smith v. Rossotte*, 250 F.Supp.2d 1266, 1268 (D. Or. 2003) (a court "may consider evidence outside the pleadings to resolve factual disputes apart from the pleadings").

No presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts does not preclude evaluation of the merits of jurisdictional claims. *Thornhill Pub. Co., Inc. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). On a factual attack of a complaint with affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).

When a court considers "items outside the pleading" on a F.R.Civ.P. 12(b)(1) motion, the court resolves "all disputes of fact in favor of the non-movant." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). The Ninth Circuit explains that "where the district court has properly considered items outside the complaint in considering a motion to dismiss, the standard we apply upon de novo review of the record is similar to the summary judgment standard that the district court purported to apply." *Drier*, 106 F.3d at 847.

With these standards in mind, this Court turns to whether Mr. Villarino exhausted administrative remedies necessary to invoke this Court's jurisdiction and in turn to purse his complaint in this action.

### *Social Security Exhaustion*

Mr. Villarino has failed to exhaust administrative remedies as to potential Social Security benefits claims.

Judicial review of SSI claims is limited to final decisions of the Commissioner. *See* 42 U.S.C. § 405(g). 42 U.S.C. § 405(g) "limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108, 97 S.Ct. 980 (1977). "A claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C.

1  § 405(g), deprives the district court of jurisdiction." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989).

The record reveals the absence of administrative review of Mr. Villarino's claim culminating in a final Commissioner decision subject to judicial review. Mr. Villarino's failure to exhaust Social Security procedures deprives this Court of jurisdiction to further warrant dismissal of this action.

### *Other Federal Claims*

The complaint further fails to invoke this Court's jurisdiction to address other federal claims.

### Absence Of Immunity Waiver

"The United States can be sued only to the extent that it has waived its sovereign immunity." *Baker v. U.S.*, 817 F.2d 560, 562 (9th Cir. 1987), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2845 (1988). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996 (1994). "A party bringing a cause of action against the federal government bears the burden of showing an unequivocal waiver of immunity. *Baker*, 817 F.2d at 562. "Thus, the United States may not be sued without its consent and the terms of such consent define the court's jurisdiction." *Baker*, 817 F.2d at 562. A waiver of traditional sovereign immunity is not implied but must be unequivocally expressed. *See U.S. v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953-954 (1976).

"The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy*, 850 F.2d 558, 560 (1988). "It is incumbent upon the plaintiff properly to allege the jurisdictional facts . . ." *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182, 56 S.Ct. 780 (1936). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The terms of the United States' "consent to be sued in any court define that court's jurisdiction to entertain the suit." *U.S. v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767 (1941). Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires," *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927); *see Hodge v.*

*Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) ("Any waiver of immunity must be 'unequivocally expressed,' and any limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'")

### Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, is a "limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971 (1976). "The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *Federal Deposit Ins. Corp. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The FTCA waives the federal government's sovereign immunity when its employees are negligent within the scope of their employment. *Faber v. United States*, 56 F.3d 1122, 1124 (9th Cir. 1995). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." *Jerves v. U.S.*, 966 F.2d 517, 518 (9th Cir. 1992).

The FTCA requires a government tort plaintiff, prior to filing a district court action, to present a "claim to the appropriate Federal agency" and the agency's claim denial. 28 U.S.C. § 2675. The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. U.S.*, 508 U.S. 106, 107, 113 S.Ct. 1980 (1993) (quoting 28 U.S.C. § 2675(a)); *see Jerves*, 966 F.2d at 518 ("before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim"). Under 28 U.S.C. § 2401(b), a claimant must file a district court action within six months of an agency's claim denial or expiration of six months within which the agency must act, 28 U.S.C. § 2675(a).

The Ninth Circuit Court of Appeals has explained:

> The requirement of an administrative claim is jurisdictional. . . . Because the requirement is jurisdictional, it "must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States."

*Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (citations omitted.); *see Vacek v. U.S. Postal*

*Service*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("We have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly.")

"[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497 (1980). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113, 113 S.Ct. at 1984.

Moreover, a district court lacks jurisdiction if a civil action is filed prior to an agency's six months for review. In *McNeil*, 508 U.S. at 111, 113 S.Ct. 1980, the U.S. Supreme Court explained:

> . . .Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

"A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves*, 966 F.2d at 519 (dismissal proper in that plaintiff had "not met the jurisdictional requirements" by commencing action before receiving the final agency denial of claim and "without allowing six months to elapse from the date of her initial administrative filing").

To the extent the complaint seeks tort relief, Mr. Villarino's failure to satisfy FTCA exhaustion bars such relief. The record reveals the Mr. Villarino has failed to pursue a necessary administrative claim prior to seeking judicial relief to further warrant dismissal of this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice this action; and

2. DIRECTS the clerk to enter judgment against plaintiff Robert John Villarino II and in

/ / /

/ / /

11

favor of defendants Commissioner of Social Security and the United States of America and to close this action.

IT IS SO ORDERED.

Dated:   August 3, 2012                             /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE